## Henry Bungard, Plff. in Err., *v.* Mary J. Miller, Admrx.

Where a decedent leaves a widow and a posthumous child and creditors, the heirs cannot distribute the property at their pleasure among themselves, without administration. (Roumfort v. McAlarney, 82 Pa. 193).

In an action by the administratrix, who was the widow, for the value of goods belonging to the estate, converted to his own use by the defendant, evidence that the widow, before letters were granted, delivered the goods to the defendant in payment of a debt of the decedent, is irrelevant.

(Argued January 31, 1887.   Decided February 14, 1887.)

July Term, 1885, No. 119, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Fayette County to review a judgment on a verdict for plaintiff in assumpsit. Affirmed.

This suit was brought to recover the value of personal property taken by Henry Bungard and converted to his use, and which belonged to John Bungard, deceased. John was a son of Henry. Henry had leased a farm and sub-let a part of it to John. John died leaving a widow, the administratrix, since married, and a posthumous son. *Narr,* and affidavit of claim for $340.58. Judgment was entered, for want of a plea, for $372.93, but afterwards opened by agreement of counsel; an

NOTE.—As to necessity for administration in devolution of decedent's personalty, see editorial note to Blood v. Kane, 15 L. R. A. 490.

affidavit of defense was filed and the defendant pleaded nonassumpsit, payment, payment with leave, etc.

The plaintiff offered in evidence an appraisement of the personal property of John Bungard, under the oath of two appraisers, but which had not been filed, and also a paper, Exhibit No. 1, containing a row of figures which aggregated $340.60, which, it was alleged, was a list of values of property taken by Henry Bungard. The admission of the appraisement was objected to but admitted for the purpose of showing that the items therein were the same as those in Exhibit No. 1. Bill of exceptions sealed for defendant. Assignment of error.

The plaintiff also offered in evidence the value of the crops. Objected to that it was not in the affidavit of claim. Evidence received. No bill of exceptions sealed. Assignment of error.

The defendant then pleaded surprise, and moved the court to withdraw a juror and continue the case. Refused, and bill of exceptions sealed. Assignment of error.

The defendant offered to prove that John Bungard was indebted to him, and that the plaintiff, before letters of administration were granted, had authorized him to take the article for which suit was brought in payment of the debt. Objected to, evidence excluded and bill sealed. Assignment of error.

Verdict for plaintiff for $609.73, and judgment thereon.

*R. P. Kennedy* and *Edward Campbell*, for plaintiff in error. —"The mere legal estate of a decedent passes to the administrator; but if there be no creditors, the heirs have a complete equity in the property and may distribute it among themselves without administration. Family arrangements are favorites of the law, and if fairly made are not to be disturbed by the parties." Walworth v. Abel, 52 Pa. 370.

"A distributee cannot, after participating in the results of a family arrangement for distribution, be permitted to repudiate any of the conditions." Furness v. Ewing, 2 Pa. St. 479; Adlum v. Yard, 1 Rawle, 163, 18 Am. Dec. 608; Bank of Wilmington v. Almond, 1 Whart. 169; Wilkins v. Anderson, 11 Pa. 399; Phillips v. Phillips, 8 Watts, 195; English's Estate, 42 Phila. Leg. Int. 446.

In cases where the pleadings do not direct the attention of the parties to the real matters in controversy, and control their proofs, the due administration of justice requires that notices,

and oral statements of the parties upon the trial, should supply substantially the place of pleadings. Bitting v. Moury, 1 Miles (Pa.) 218.

*Boyle & Mestrezat,* for defendant in error.—Henry Bungard had no right to take possession of the personal property of the decedent, as creditor or otherwise. The widow's consent gave him no right to do so, for she had no title to the property. Sellers v. Licht, 21 Pa. 100.

As soon as letters are granted to an administrator, his title to the personal property relates back to the time of decedent's death. Holcomb v. Roberts, 57 Pa. 493; Lawrence v. Wright, 23 Pick. 129; Wms. Exrs. p. 650; Lee v. Wright, 1 Rawle, 149; Keating v. Condon, 68 Pa. 75.

Without the consent of creditors and heirs the plaintiff in error had no right to pay himself by taking possession of and retaining decedent's personal property. Roumfort v. McAlarney, 82 Pa. 193; Ruch v. Hildebrand, 24 Pittsb. L. J. 15; Eisenbise v. Eisenbise, 4 Watts, 136.

The refusal to withdraw a juror is entirely discretionary with the court, and is not the subject of a writ of error. Evans v. Mengel, 3 Pa. St. 239.

In Walworth v. Abel, 52 Pa. 370, the widow and heirs of a decedent, against whose estate there were no debts, made an arrangement by which his property was distributed.

PER CURIAM:
It is a well-recognized rule, both at law and in equity, that the whole personal estate of a deceased person vests in the executor or administrator. There is no fact in this case to take it out of the general rule. The decedent left a widow and a posthumous child at the time of his death, and he was also indebted. The heirs could not therefore distribute the property at their pleasure among themselves without administration. Roumfort v. Mc-Alarney, 82 Pa. 193.

Judgment affirmed.